JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT BISEL,<br><br>    Petitioner,<br><br>    v.<br><br>B. BIRHOLZ, Warden, et al.,<br><br>    Respondents. | Case No. CV 22-7266 CJC (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this habeas action without prejudice as moot.

\* \* \*

1.    Petitioner Bisel formerly was an inmate at the federal prison in Lompoc. In October 2022, he filed a habeas petition in this district under 28 U.S.C. § 2241. The gist of his petition was that Petitioner had earned enough credits (whether under the First Step Act or otherwise) to warrant release from prison and transfer to a residential reentry center. (Docket # 1.)

2.    Significantly, the relief that Petitioner requested in his petition was an order "to enlarge his custody to halfway house in San Diego" – read

1  as a transfer to an RRC – and for the BOP "to immediately apply his ETCs
2  [earned time credits] in full compliance with the First Step Act." (Docket
3  # 2 at 7.)

4      3.    After Magistrate Judge Wilner screened the petition, the
5  government provided an expedited status report suggesting that Petitioner
6  had not fully earned enough credits to qualify for release. (Docket # 5, 9.)
7  However, several months later, Petitioner reported that his BOP
8  "pattern score" had changed, which rendered him eligible for release under
9  the First Step Act. (Docket # 16, 17.)

10     4.    The government ultimately agreed. The BOP processed
11 Petitioner's paperwork and, after an unfortunate storm-related delay,
12 transferred Petitioner to an RRC in late January 2022. (Docket # 18; # 21
13 at 4.) (Judge Wilner independently confirmed this on the BOP's public
14 website.)

\* \* \*

16     5.    If it "appears from the application that the applicant or person
17 detained is not entitled" to relief, a court may summarily dismiss an action.
18 Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for
19 summary dismissal to district judge "if it plainly appears from the face of
20 the petition [ ] that the petitioner is not entitled to relief").

\* \* \*

22     6.    Petitioner's action is moot. The habeas relief that he sought in
23 his petition was an order expediting his transfer from federal prison to a
24 halfway house. He subsequently received that transfer when he became
25 eligible for it. There is no basis for this Court to consider his habeas corpus
26 claim further. Green v. Jenkins, 859 F. App'x 186, 187 (9th Cir. 2021)
27 (prisoner's "claim for habeas relief premised on conditions at MDC LA is

now moot" due to transfer to different facility); <u>Miller v. United States</u>, No. ED CV 18-2064 SVW (SP) (C.D. Cal.), 2020 WL 3979693 at *2 (prisoner transfer to another prison rendered petition moot; "it appears petitioner's claims have at least substantially been met").

7. Dismissal of Petitioner's habeas action is appropriate because there is no other aspect of his sentence or conditions of confinement for this Court to address.[1] <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000). As a result, the case must be dismissed without prejudice as moot.

IT IS SO ORDERED.

Dated: February 22, 2023

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] In a later filing, Petitioner contended that he was entitled to maintain tort claims against the BOP. (Docket # 20.) The Court considered whether to convert Petitioner's habeas action into a civil rights action based on his allegations of improper detention at the Lompoc facility. However, those allegations are unclear, cursory, and failed to identify proper defendants for a tort / civil rights action. On that basis, the Court declines to convert Petitioner's case. <u>Nettles v. Grounds</u>, 830 F.3d 922, 936 (9th Cir. 2016) ("court may recharacterize the petition so long as it warns the <u>pro se</u> litigant of the consequences of the conversion" (including cost of filing fees)); <u>Fiorito v. Entzel</u>, 829 F. App'x 192, 194 (9th Cir. 2020) (same; declining conversion).